145 F.3d 1338
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles Dale LARSON, Petitioner-Appellant,
v.
Tana WOOD, Respondent-Appellee.
 No. 97-35899.
D.C. No. CV-94-05414-DEW.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 14, 1998**.
Decided May 18, 1998.
 
 Appeal from the United States District Court for the Western District of Washington David E. Wilson, District Judge, Presiding.
 Before SCHROEDER, TROTT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Charles Dale Larson, a Washington state prisoner, appeals pro se the district court's summary judgment dismissal of his 28 U.S.C. § 2254 habeas corpus petition on remand from this court. We review de novo the denial of a habeas petition, see Duckett v. Godinez, 67 F.3d 734, 739 (9th Cir.1995), and the grant of summary judgment, see Belgarde v. State of Montana, 123 F.3d 1210, 1214 (9th Cir.1997). We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.
 
 
 3
 Larson contends that there was insufficient evidence to support his bail jumping conviction. We disagree.
 
 
 4
 In determining whether evidence is sufficient to support a conviction, we view the evidence in the light most favorable to the government and determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." See Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Because the evidence showed that Larson was aware of the time and date of his required appearance, that he failed to appear at that time, and that he told the bail bondsman he "wasn't going to court," a rational trier of fact could reasonably have found the elements of bail jumping. See id., 443 U.S. at 319; see also Wash. Rev.Code § 9A.76.170(1) (1987) (defining elements of bail jumping).
 
 
 5
 Larson also contends that the trial court should have granted a mistrial after a prosecution witness violated a motion in limine by referring to his prior imprisonment. This contention lacks merit.
 
 
 6
 To warrant federal habeas corpus relief, the admission of the evidence must have rendered Larson's trial so fundamentally unfair as to violate due process. See Colley v. Sumner, 784 F.2d 984, 990 (9th Cir.1986); see also Batchelor v. Cupp, 693 F.2d 859, 865 (9th Cir.1982) ("[h]abeas corpus relief for an asserted due process violation is available only where the state court's action is arbitrary or fundamentally unfair"). Because the statement was inadvertent, and the jury was twice instructed to disregard the improper statement, this single testimonial transgression did not render Larson's trial fundamentally unfair. See Colley, 784 F.2d at 990; see also Greer v. Miller, 483 U.S. 756, 766 n. 8, 107 S.Ct. 3102, 97 L.Ed.2d 618 (1987) (emphasizing strong presumption that jury will follow curative instruction and disregard inadmissible evidence inadvertently presented). Accordingly, the district court properly granted respondent's motion for summary judgment. See Duckett, 67 F.3d at 739; Belgarde, 123 F.3d at 1214.
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3